UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

KEITH WOODARD,
    Plaintiff.

vs.            CAUSE NO. 3:21-cv-00116-RLY-MPB

STATE OF INDIANA,
INDIANA STATE POLICE,
AND OFFICER MICHAEL FINNEY,
OFFICER MITCH WIER,
in their individual capacities and in their
official capacities as Officers,
    Defendants.

## AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

### PARTIES

1. Plaintiff, Keith Woodard (hereinafter "Woodard") is a resident of Vanderburgh County, Indiana, and a citizen of the United States. Woodard is 32 years old. Woodard resides at 1905 Harding Street, Evansville, Indiana 47714.

2. Defendant, State of Indiana (hereinafter "State") oversees the communities and its citizens of the State through its' agent, Indiana State Police (hereinafter "ISP", which is headquartered in Indianapolis, Marion County, Indiana.

3. Defendant, Michael Finney, in his individual capacity, and as an officer with ISP, who also manages a K9 dog in this role as a member of the Joint Task Force located in Evansville, Indiana. The Joint Task Force is a combination of law enforcement units.

4. Defendant, Mitch Wier, in his individual capacity, and as an officer with ISP, which is a detective who oversees the ISP officers, including Michael Finney, and who is a member of the Joint Task Force.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this of this case pursuant to 42 U.S.C. Sec. 1983, 1988.

1

6. Venue is proper pursuant to 28 U.S.C. Sec. 1391.

7. On March 24, 2020, Woodard sent a written tort claim to Defendants pursuant to I.C. 34-13-3-8, alleging violations of I.C. 34-11-2-6, which was timely served. This Complaint properly commenced all state and federal claims against defendants. This complaint was originally filed in Vanderburgh County, Indiana, but was removed to this Court on July 21, 2021.

## FACTUAL ALLEGATIONS

8. On the morning of November 8, 2019, Woodard was at the home of his girlfriend, at 1905 Harding Street, Evansville, Indiana.

9. Members of the Indiana State Police Drug Enforcement Section, along with other members of the Joint Task Force, executed a search warrant. Upon entry into the residence, Woodard was observed exiting a bedroom located off the main hallway on the north side of the residence. Woodard was placed in handcuffs without incident. The rest of the house was searched for other occupants and noone else was located.

10. After Woodard was handcuffed, ISP officer Finney released his K9 dog to attacked Woodard, biting him in the forearm, causing injury that required medical treatment. Woodard was not resisting nor was he engaged in any conduct that was contrary to the directions of ISP. Woodard was taken to the hospital for treatment of his injuries.

11. ISP detective Wier failed to properly supervise Finney and the K9, failed to take action to prevent the unprovoked attack and materially participated in the actions of ISP.

## DAMAGES

12. As a direct, legal and proximate result of Defendants' acts and omissions, Woodard sustained damages, including, but not limited to, economic and non-economic losses, medical expenses, physical pain, emotional distress, and violations of his constitutional rights.

13. Woodard seeks all damages and remedies allowable pursuant to 42 U.S.C. Sec. 1983, 1988, and all other applicable laws.

14. ISP acted with oppression, malice, deliberate indifference, and/or wanton and willful recklessness, which justifies the imposition of punitive and exemplary damages.

## COUNT 1: 42 U.S.C. 1983

### Violation of Woodard's Constitutional Rights Against Defendant Officers

15. Woodard incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

16. At all times herein mentioned, Defendants had an obligation to comply with the Fourth and Fourteenth Amendments to the United States Constitution.

17. Defendants failed to meet these obligations with respect to Woodard.

18. Defendant officers acted under color of law in using excessive and unreasonable force against Woodard when they restrained his liberty by unleashing the K9, intending to attack Woodard after he had been handcuffed without incident, and knowing that the K9 was specifically trained to attack upon release and to incapacitate Woodard and injure him without justification.

19. Defendants' excessive and unreasonable force violated Woodard's rights guaranteed under the Fourteenth Amendment to be secure in their persons from unreasonable searches and seizures.

20. Defendants' seizure and excessive force violated Woodard's substantive due process rights under the Fourteenth Amendment through actions and omissions that shock the conscience.

21. As a direct and legal result of Defendants' violations of Woodard's rights under the Fourth and Fourteenth Amendments, Woodard sustained significant economic and non-economic damages as outlined herein.

## COUNT II: 42 U.S.C. 1983

### Governmental Liability Against the State of Indiana

22. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though fully set forth herein.

23. The policies, customs, regulations, practices, acts and omissions of Defendants ISP and Officers Finney and Wier, regarding the use of excessive force and canines, and subjecting people to excessive force, were moving and causative forces behind the violations of constitutional rights and resulting damages suffered by Woodard.

24. The seizure and attack of Woodard by the K9 stemmed for a policy allowing the improper use of ISP K9 dogs, a form of deadly force, when Woodard was already secure and in custody without incident.

25. Woodard believes this is part of a pattern of conduct where other individuals have been subject to excessive force through the use of K9 dogs by ISP.

26. That ISP failed to properly train, supervise and control the ISP officers regarding the use of K9 dogs, and the proper use of force, were the actual and proximate cause of the violations of constitutional rights and resultant damages suffered by Woodard.

27. Defendants' knew, or should have known, that their acts and omissions were likely to result in a violation of the Fourth and Fourteenth Amendment rights of Woodard.

28. As a direct, legal and proximate result of Defendants' deliberate indifference, gross negligence or reckless disregard, Woodard suffered economic and non-economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Woodard, by counsel, requests that judgment against the Defendants' be in entered in his favor, that he be awarded damages for specific damages requested herein, for any unspecified damages available under law, for economic and non-economic relief, for punitive damages as available, for attorney fees pursuant to 42 U.S.C. Sec. 1988, and for all other just and proper relief in the premises.

**Woodard Respectfully Demands Trial by Jury.**

Dated this 6th day of December, 2021.

Respectfully Submitted,

Mark K. Phillips, 16941-49
Attorney for Keith Woodard
Phillips Law, P.C.
301 West Main Street, P.O. Box 427
Boonville, Indiana 47601
(812) 897-4400
mphillips@phillipslawpc.com

4

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative Rule 9(G).

I hereby certify that on the 6th day of December, 2021, I electronically filed the foregoing pleading or paper using the Indiana E-Filing System (IEFS) and that on the 6th day of December, 2021, a copy of the foregoing document was served electronically upon the following person through the E-Services feature of IEFS:

Archer Riddick Randall Rose
archer.rose@atg.in.gov

Greg Loyd
gregory.loyd@atg.in.gov

David L. Jones
djones@joneswallace.com

Craig R. Emig,
cemig@joneswallace.com

Robert L. Burkart
rburkart@zsws.com

Keith W. Vonderahe
kvonderahe@zsws.com

Matthew S. Koressel
mkoressel@zsws.com

_/s/ signature_
Phillips Law, PC